Haywood **WILLIAMS, Jr.,** Plaintiff,

v.

**CITY OF PORTSMOUTH, et al.,** Defendants.

**Civ. A. No. 81–1092–N.**

United States District Court, E. D. Virginia, Norfolk Division.

March 31, 1982.

---

1. In any case, the Court's conclusion that plaintiff has not sufficiently shown that the damages to the barge itself were attributable to defendant would preclude plaintiff's recovery in this respect for the period of use lost by the necessity of repairs to the barge.

Haywood Williams, Jr., pro se.

James A. Metcalfe, Asst. U.S. Atty., Norfolk, Va., for Jackson and Tatem.

Steven Lieberman, City Atty., Portsmouth, Va., for City of Portsmouth.

Louis Brenner, Portsmouth, Va., for Axelson.

Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va., for Peters.

## MEMORANDUM ORDER

MacKENZIE, Chief Judge.

Plaintiff is presently incarcerated at the Virginia State Penitentiary, Richmond, Virginia. In this action, plaintiff seeks to recover from a multitude of defendants for a multitude of wrongs allegedly inflicted upon him. The wrongs complained of occurred in the course of the investigation and prosecution of both federal and state crimes in 1979. Originally filed in the Circuit Court of the City of Portsmouth, the matter was removed to this Court upon the petition of the federal defendants.

Both prosecutions, from which the wrongs complained of arose, resulted in convictions. On April 3, 1979, plaintiff was convicted in the Circuit Court of the City of Portsmouth for attempting to kill another, Va.Code Ann. § 18.2–26, shooting and maiming, Va.Code Ann. § 18.2–51, use of a firearm in commission of a felony, Va.Code Ann. § 18.2–53.1, and maliciously shooting into a dwelling house, Va.Code Ann. § 18.-2–279. The Virginia Supreme Court denied plaintiff's petition for a Writ of Appeal on October 4, 1977. In federal court, plaintiff was convicted for the unlawful possession of a firearm by a convicted felon. 18 U.S. C.App. § 1202(a)(1). This conviction was affirmed by the Fourth Circuit Court of Appeals on July 10, 1980.

There is no need to recite in detail the many acts and omissions of which plaintiff complains. All plaintiff's assertions amount to two claims. First, plaintiff claims that he was denied a fair trial. Second, plaintiff claims he was subjected to malicious prosecution. These two claims are founded upon allegations of the manufacture and suppression of evidence; the failure to conduct adequate investigations of the circumstances surrounding the crimes for which plaintiff was convicted; the denial of counsel; the inadequacy of counsel; the illegal search of his home and business; the failure to give Miranda warnings; the failure to respect his Miranda rights; and the composition of the grand jury. Plaintiff has chosen not to pursue these claims under the federal civil rights laws. Rather, he is insistent that his claims arise under Virginia tort law.

Plaintiff has good reason to pursue these actions under state law. Each and every allegation plaintiff has made questions the validity of his convictions. The Fourth Circuit has recently ruled that where a state prisoner challenges the validity of his state convictions, he must pursue his state remedies prior to the commencement of a § 1983 claim. *Hamlin v. Warren*, 664 F.2d 29 (4th

Cir. 1981). Clearly, plaintiff has framed his complaint as one sounding in tort in order to avoid this barrier. Had he not done so, all his claims against the state defendants would have had to have been dismissed for failure to exhaust his state remedies or, had his state remedies been exhausted, plaintiff would be bound by those determinations. Additionally, as to plaintiff's federal convictions, there may even be a requirement that a federal prisoner attack the validity of his federal convictions through a habeas corpus proceeding, 28 U.S.C. § 2255, prior to the commencement of a civil action. *Cf. Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); *Hamlin v. Warren, supra.* In any event, under *Hamlin*, plaintiff's challenges to his state convictions would have had to be dismissed.

Plaintiff, however, cannot have his cake and eat it too. Having dodged the exhaustion problem by framing his complaint as a state tort action, plaintiff now finds himself in the incongruous position of asserting state tort claims against two federal plaintiffs—Raymond Jackson, the Assistant United States Attorney, and Herbert Tatem, a special agent of the Bureau of Alcohol, Tobacco and Firearms. Federal officers, acting within the outer perimeters of their duty, are absolutely immune from state tort liability. *George v. Kay*, 632 F.2d 1103, 1104 (4th Cir. 1980), *cert. denied*, 450 U.S. 1029, 101 S.Ct. 1738, 68 L.Ed.2d 224 (1981). As alleged by plaintiff, the actions of Jackson and Tatem were taken pursuant to the investigation and subsequent prosecution of plaintiff. Without doubt, such actions were within the outer perimeter of their duties. Plaintiff's claims against defendants Jackson and Tatem must therefore be DISMISSED.

The remaining defendants are the City of Portsmouth and officials of the City of Portsmouth. Their actions are challenged in regard to plaintiff's state convictions. Each of these defendants has raised as a defense the applicable statute of limitations. Under Virginia law, actions for personal injury must be brought within two years of the accrual of the cause of action.

Va.Code Ann. § 8.01–243. Personal actions for which no other limitation is prescribed must be brought within one year of accrual. Va.Code Ann. § 8.01–248. Plaintiff did not file this suit in Portsmouth Circuit Court until October 27, 1981. Assuming that October 4, 1979, the date on which the Virginia Supreme Court denied plaintiff's petition for a writ of error, is the date of accrual, plaintiff's action is time barred under either section, absent some exception.

Plaintiff points to the exception contained in § 8.01–229(1). Under that section, the running of the statute is tolled when the person entitled to bring an action is "of unsound mind." Plaintiff asserts that he was adjudged mentally incompetent by this Court on February 2, 1973 and that he still suffers from the disability. Accordingly, he argues the statute has not run on these claims.

Plaintiff's contention is incorrect. Since the Order of February 2, 1972, plaintiff has been adjudged mentally competent. Indeed, in an Order dated January 19, 1982, Judge J. Calvitt Clarke, Jr., of this Court, wrote:

"Since Judge MacKenzie's Order of February 2, 1972, Haywood Williams has been tried and convicted on two occasions in this Court and one occasion in the state court. In a trial which took place in this Court in July of 1980, the defendant again raised the question of his competency; as a result of which, he was examined by two local psychiatrists and was sent to Springfield, Missouri, for psychiatric evaluation. The Court determined that he was competent but the issue of his competency to have criminal intent was nevertheless submitted to the jury and the jury by convicting Haywood Williams determined that he was mentally competent."

*Williams v. City of Norfolk, et al.*, 81–923–N (E.D.Va. Jan. 19, 1982).

It must be noted that among plaintiff's claims is a claim that the officers to whom plaintiff had given his consent to a search of plaintiff's home had breached that agreement by bringing other officers along

and searching for items not covered by the agreement. Consent to a search is not a contract. Plaintiff, therefore, cannot claim the benefit of the five year limitation on contract actions. Va.Code Ann. § 8.01–246(2).

Since plaintiff does not come within any exception to the statute of limitations, his action is time barred, and must be *DISMISSED*.

Because of this resolution of the statute of limitation questions, there is no need to consider defendants other defenses. A cursory review of these defenses, however, does indicate that many of them, including collateral estoppel, res judicata, failure to state an essential element of malicious prosecution, immunity, and lack of standing are meritorious.

For the reasons above stated, plaintiff's complaint is DISMISSED.

It is so ORDERED.

Plaintiff is advised that he may appeal in forma pauperis from this final order by forwarding a *written* notice of appeal to the Clerk of the United States District Court, Post Office Box 1318, Norfolk, Virginia 23501, which said written notice of appeal must be received by the Clerk within thirty (30) days from the date of this Order and may be filed without prepayment of costs or giving of security.

The Clerk is directed to send a copy of this Order to plaintiff and to the attorneys for each of the defendants.