Vincent **WALLEN**, Appellant,

v.

**Bill M. DOMM**, Appellee.

No. 82–1205.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 8, 1982.

Decided Jan. 25, 1983.

Robert M. White, Norfolk, Va. (David B. Schultz, White & Selkin, Norfolk, Va., on brief), for appellant.

James A. Metcalfe, Asst. U.S. Atty., Norfolk, Va. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., on brief), for appellee.

Before HALL and PHILLIPS, Circuit Judges, and GORDON *, Senior District Judge.

PER CURIAM:

Vincent Wallen appeals the District Court's summary judgment against him in a suit alleging an assault by Bill M. Domm, his former supervisor. The District Court, 532 F.Supp. 73, found from undisputed testimony that Domm acted within the outer perimeter of his line of duty as a governmental official, and it ruled that he was absolutely immune from civil tort liability. *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). Because the District Court correctly stated the law, and properly found as a matter of law that Domm's actions were within his line of duty, we affirm.

Wallen and Domm were both employed at the Veterans Administration Hospital in Hampton, Virginia; Wallen as Chief of Psychology Services and Domm as Chief of Staff. During 1980 and 1981 the two were involved in a continuing dispute over the adequacy with which Wallen was performing his duties. The alleged assault stems from a discussion or argument between the two in Domm's office on June 10, 1981.

On that occasion, Domm summoned Wallen into his office, indicated a particular chair in which he wished Wallen to sit, and proceeded to criticize his job performance and the actions Wallen had taken in response to previous criticisms. During the ensuing, sometimes heated, discussion, Domm more than once told Wallen, "Buster, you better get back in line." Domm walked around the room as he talked, assumed a boxer-like, "balanced" stance at

times, and at one point stood between Wallen and the door. Wallen testified on deposition that he believed that Domm would not allow him to leave the room and that he feared for his safety. When Wallen asked Domm if he could leave, however, Domm permitted him to go unhindered.

Wallen filed suit in state court, alleging, inter alia, that Domm's conduct amounted to a common-law assault.[1] This suit was later removed to federal court. Domm filed a motion for summary judgment based on the absolute immunity of federal officials while acting within the outer perimeter of their duties. Wallen appeals the grant of that motion as it pertains to the assault allegation.

Assuming that Domm's actions amounted to an assault,[2] his discussion with Wallen of his evaluation of Wallen's job performance, and Wallen's reaction to that evaluation, falls well within the outer perimeter of his discretionary authority as Wallen's supervisor. The trial court's finding to this effect is supported by the record, and we will not disturb it.

Appellant agrees that government officers are absolutely immune from state or common-law tort liability when acting within the outer perimeter of their line of duty, *Barr v. Matteo, supra,* but he argues that even if the discussion in Domm's office generally was within Domm's line of duty, he was not authorized to assault his subordinates. Thus, the allegations in this case, he contends, would place the portion of Domm's actions that constitute the assault outside the immunity claim. Appellant misconstrues both the rationale and the scope of the immunity in this type situation.

---

* The Honorable Eugene A. Gordon, United States District Judge for the Middle District of North Carolina, sitting by designation.

1. Wallen also made other state-law claims, including injury to reputation and both intentional and negligent infliction of mental distress. None of these claims rise to the level of, nor has Wallen ever alleged, a violation of his federally protected constitutional rights. Only the assault claim is a subject of this appeal.

2. Given our disposition of this case, we need not decide if the undisputed facts in the record are sufficient to make out an assault, an issue not raised by the District Court's opinion. We merely note that "the courts have been reluctant to protect extremely timid individuals from exaggerated fears of contact, and seem to have required quite uniformly that the apprehension [of a harmful or offensive contact] be one which would normally be aroused in the mind of a reasonable person." Prosser, Law of Torts § 10 at 39.

Few government officials are authorized to commit torts as a part of their line of duty, but to separate the activity that constitutes the wrong from its surrounding context—an otherwise proper exercise of authority—would effectively emasculate the immunity defense. Once the wrongful acts are excluded from an exercise of authority, only innocuous activity remains to which immunity would be available. Thus, the defense would apply only to conduct for which it is not needed.

The principal purpose of immunity is not to protect government officials from groundless suits, but to free those officials from inhibitions on their decisionmaking occasioned by a fear that their actions or underlying motives will later be second-guessed in a court of law. *See Spalding v. Vilas,* 161 U.S. 483, 498–99, 16 S.Ct. 631, 637, 40 L.Ed. 780 (1896). It has been determined that the proper and effective administration of public affairs in general, often in the face of false, incomplete or conflicting information, outweighs redress of the occasional wrong caused by an official during activity otherwise within the official's authority. *See Barr v. Matteo,* supra 360 U.S. at 570–72, 79 S.Ct. at 1338–40. Therefore, wrongful activity incidental to an otherwise proper exercise of authority must fall within the immunity claim.

Application of the immunity is not affected by whether the injury was committed in good faith, negligently, or even intentionally. In *Barr* the acting director of the Office of Rent Stabilization, charged with issuing a libelous press release, was permitted an absolute immunity defense, based on a finding that he acted within the outer perimeter of his duties, despite an allegation that he acted with malice. *Barr v. Matteo,* supra at 575, 79 S.Ct. at 1341. The majority opinion in *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (granting only qualified immunity to officials alleged to have committed constitutional torts), read *Barr* "to have extended absolute immunity to an officer who was authorized to [perform a particular act], who was assumed to know that the [activity was tortious] and who therefore was delib-

erately misusing his authority." *Id.,* 438 U.S. at 495, 98 S.Ct. at 2905.

Since no constitutional violation is involved in this case, the activity complained of falls well within the limits of an absolute immunity claim. The judgment of the District Court, accordingly, is

AFFIRMED.