**Donna PHILLIPS, Plaintiff,**

v.

**Daniel GREGG, et al., Defendants.**

**Civ. No. 83–31–D–1.**

United States District Court,
S.D. Iowa,
Davenport Division.

May 16, 1984.

Marc B. Moen, Rate, Nolan, Bohanan, Moen & Lucas, Iowa City, Iowa, for plaintiff.

Richard C. Turner, U.S. Atty., S.D. Iowa, Christopher D. Hagen, Asst. U.S. Atty., Des Moines, Iowa, Michael F. Lefkow, Asst. Regional Labor Counsel, Chicago, Ill., for defendants.

## RULING AND ORDER ON PENDING MOTIONS

STUART, Chief Judge.

The Court has before it two motions filed by defendants on November 7, 1983: (1) a motion to dismiss, or in the alternative for summary judgment, and (2) a motion to reserve the issue of plaintiff's right to a jury trial. These motions came on for hearing on February 10, 1984, at which time the parties were given an opportunity to file additional material in support of their respective positions. The final submission was filed April 3, 1984, and the motions are now ready for ruling.

In this lawsuit, plaintiff, a former postal service employee, sues five individuals who at the time in question were also employees at the Iowa City, Iowa, postal service installation. In Count I, plaintiff alleges that defendants fraudulently represented to her that certain work absences on her part were approved and properly documented, and later wrongfully used those absences as a basis for discharging her from employment. In Count II, plaintiff alleges that defendants' conduct occurred at a time when defendants knew her husband was terminally ill, and that their conduct was outrageous and constituted intentional infliction of emotional distress on plaintiff.

■ Defendants have moved for dismissal or for summary judgment on two grounds, the first of which is an assertion of absolute immunity under *Barr v. Mateo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), and *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). In this case, plaintiff's complaint alleges no constitutional violations. The law is clear that, absent an allegation of a tort of constitutional magnitude, federal officials are entitled to absolute immunity for ordinary torts committed within the scope of their jobs. *Barr,* 360 U.S. at 571–75, 79 S.Ct. at 1339–41; *Wallen v. Domm,* 700 F.2d 124, 125–26 (4th Cir.1983); *Claus v. Gyorkey,* 674 F.2d 427, 431 (5th Cir.1982); *George v. Kay,* 632 F.2d 1103, 1105–06 (4th Cir.1980), *cert. denied,* 450 U.S. 1029, 101 S.Ct. 1738, 68 L.Ed.2d 224 (1981); *Miller v. De Laune,* 602 F.2d 198, 199–200 (9th Cir.1979).

Plaintiff argues that this immunity does not apply to low-ranking supervisory officials such as the defendants in this case. The Court's research indicates that plaintiff is incorrect in this assertion. *See Wallen,* 700 F.2d at 125 (chief of staff at a local Veterans' hospital); *Claus,* 674 F.2d at 431 (chief of laboratory services at local Veterans' hospital); *George,* 632 F.2d at 1105 (postal inspector).

Plaintiff also contends that the immunity is not available to defendants because they acted outside the scope of their employment in committing the alleged torts. In this regard, the Court notes that the complaint does allege that defendants' conduct was "beyond their scope of duty and authority". Therefore, the Court will consider defendants' immunity defense in the context of their alternative motion for summary judgment rather than their motion to dismiss.

■ In determining whether a defendant is entitled to absolute immunity, the test is whether the acts complained of were within the outer perimeter of his duties. *Barr,* 360 U.S. at 575, 79 S.Ct. at 1341; *Wallen,* 700 F.2d at 125; *George,* 632 F.2d at 1105. In this regard, it is only necessary that the action of the federal official bear some reasonable relation to and connection with his duties and responsibilities. *Claus,* 674 F.2d at 431.

■ Plaintiff notes that the torts she alleges are intentional, and she argues that defendants are not immune because "[c]ommitting intentional torts upon plaintiff was not within the scope of defendants' duty or authority." Such an argument was rejected by the Fourth Circuit in *Wallen,* 700 F.2d at 125–26. In *Wallen,* a federal employee alleged that another federal em-

ployee (his supervisor) assaulted him during the course of a discussion concerning the plaintiff's job performance. The plaintiff argued that even if the discussion was generally within the defendant's line of duty, he was not authorized to assault his subordinates and therefore was not entitled to absolute immunity. The court explained its reasons for rejecting the plaintiff's argument as follows:

Few government officials are authorized to commit torts as a part of their line of duty, but to separate the activity that constitutes the wrong from its surrounding context—an otherwise proper exercise of authority—would effectively emasculate the immunity defense. Once the wrongful acts are excluded from an exercise of authority, only innocuous activity remains to which immunity would be available. Thus, the defense would apply only to conduct for which it is not needed.

The principal purpose of immunity is not to protect government officials from groundless suits, but to free those officials from inhibitions on their decision-making occasioned by a fear that their actions or underlying motives will later be secondguessed in a court of law. *See Spalding v. Vilas*, 161 U.S. 483, 498–99, 16 S.Ct. 631, 637, 40 L.Ed. 780 (1896). It has been determined that the proper and effective administration of public affairs in general, often in the face of false, incomplete or conflicting information, outweighs redress of the occasional wrong caused by an official during activity otherwise within the official's authority. *See Barr v. Matteo, supra*, 360 U.S. at 570–72, 79 S.Ct. at 1338–40. Therefore, wrongful activity incidental to an otherwise proper exercise of authority must fall within the immunity claim.

Application of the immunity is not affected by whether the injury was committed in good faith, negligently, or even intentionally. In *Barr* the acting director of the Office of Rent Stabilization, charged with issuing a libelous press release, was permitted an absolute immunity defense, based on a finding that he

acted within the outer perimeter of his duties, despite an allegation that he acted with malice. *Barr v. Matteo, supra* at 575, 79 S.Ct. at 1341. The majority opinion in *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (granting only qualified immunity to officials alleged to have committed constitutional torts), read *Barr* "to have extended absolute immunity to an officer who was authorized to [perform a particular act], who was assumed to know that the [activity was tortious] and who therefore was deliberately misusing his authority." *Id.*, 438 U.S. at 495, 98 S.Ct. at 2905. 700 F.2d at 126.

■ The Court agrees with and adopts the foregoing discussion, and finds it dispositive of the case at bar. Having examined all the evidentiary material concerning defendants' actions, the Court finds no conduct which could be deemed to lack a reasonable relationship to defendants' duties and responsibilities. Therefore, defendants are entitled to a defense of absolute immunity as a matter of law.

Because the Court finds that defendants are immune, it is unnecessary to consider their other ground for summary judgment, or to rule on the jury trial issue.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment be and it hereby is granted. The Clerk shall enter judgment in favor of all defendants and against plaintiff on all of plaintiff's claims.