Jonathan **WHITT** and **Skyler Jackson,** on behalf of themselves and classes of those similarly situated, Plaintiffs,

v.

**WELLS FARGO FINANCIAL, INC. and Wells Fargo Financial South Carolina, Inc., and Wells Fargo Financial Georgia, Inc., d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, Defendants.**

Civil Action No.: 2:08–CV–1903–PMD.

United States District Court,
D. South Carolina,
Charleston Division.

Feb. 11, 2009.

---

Charles Godwin Frohman, Mary Malissa Burnette, Nichols Kaster, Minneapolis, MN, David E. Rothstein, Mary Malissa Burnette, Burnette and Rothstein, Columbia, SC, Jodi Lynn Collova, Nichols Kaster, San Francisco, CA, for Plaintiffs.

Audrey Shen Chui, Hwannie Lee Shen, Jessie A. Kohler, Winston and Strawn, Los Angeles, CA, Greg Horton, Buist Moore Smythe and McGee, Charleston, SC, Joan B. Tucker Fife, Winston and Strawn, San Francisco, CA for Defendants.

## ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court upon Defendants Wells Fargo Financial, Inc., Wells Fargo Financial South Carolina, Inc., and Wells Fargo Financial Georgia, Inc.'s ("Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that Plaintiffs John Whitt and Skyler Jackson ("Plaintiffs") are collaterally estopped from bringing collective action allegations based on a prior order of another court. In the alternative, Defendants move for summary adjudication. For the reasons set forth below, the court denies Defendants' motion.

## BACKGROUND

### I. Plaintiffs' First Attempt for Class Certification

On July 17, 2006, a group of individuals commenced suit against Wells Fargo Financial, Inc. in the United States District Court for the Northern District of California, alleging, among other things, claims for unpaid overtime under the Fair Labor Standards Act ("FLSA"). *See Castle v. Wells Fargo Fin., Inc.,* No. 06–4347, 2008 WL 495705, 2008 U.S. Dist. LEXIS 106703 (N.D.Cal. Feb. 20, 2008). The *Castle* plaintiffs originally sought to certify a nationwide class of credit managers and assistant managers but later amended this group to include senior credit managers and loan processors as well. On October 3, 2007, the *Castle* plaintiffs moved for conditional certification of a collective action class of "[a]ll persons who have been employed by Defendant as a credit manager, senior credit manager, assistant manager, or loan processor within the United States at any time three years prior to the filing of this Complaint, to the final disposition of this case." In support of their motion, the *Castle* plaintiffs submitted 24 declarations by plaintiffs and putative class members describing their experiences working at Wells Fargo. *Id.* at *1, 2008 U.S. Dist. LEXIS 106703 at *4. These declarants worked in 28 of the 1000

branches nationwide and in eight of the 48 states where Wells Fargo subsidiaries operate. *Id.*

On February 20, 2008, the district court denied conditional certification of the *Castle* plaintiffs' proposed nationwide class. The California district court found that the *Castle* plaintiffs had "not identified a common policy or practice on a nationwide or statewide basis," and although the court believed the declarants' assertions indicated they had potentially prevailing FLSA claims on an individual basis, the court could not find that Wells Fargo had a "company-wide policy or practice to deny overtime." *Id.* at *5, 2008 U.S. Dist. LEXIS 106703 at *14. Instead, the court found that, "[a]t the most, plaintiffs' evidence suggests different 'policies' or practices depending on the branch or the district, rather than on a nationwide basis." *Id.*

## II. *After Denial of Nationwide Class Certification*

After the *Castle* court denied certification of the proposed nationwide collective action under section 216(b) of the FLSA, counsel for the *Castle* plaintiffs filed numerous FLSA collective actions in other district courts across the country, with each lawsuit alleging FLSA violations specific to a particular geographical area and management chain. This action is one of those cases. Both of the named Plaintiffs, Jonathan Whitt and Skyler Jackson, consented to join the collective class in *Castle* before filing their action in this court on May 14, 2008. Plaintiffs assert a cause of action under the FLSA for unpaid overtime on behalf of the following collective classes:

> Collective Class, First Subclass:
> All persons who did not sign valid and binding arbitration agreements with Defendants, who are or have been employed by Defendants as a credit manager, senior credit manager, assistant

manager, or loan processor in the **State of South Carolina** under the same first-, second-, and third-level managers, as the named Plaintiff at any time within three years prior to this action's filing date through the final disposition of this action (the "Collective Class Period"). Collective Class, Second Subclass:

> All persons who did not sign valid and binding arbitration agreements with Defendants, who are or have been employed by Defendants as a credit manager, senior credit manager, assistant manager, or loan processor in the **State of Georgia** under the same first-, second-, and third-level managers, as the named Plaintiff at any time within three years prior to this action's filing date through the final disposition of this action (the "Collective Class Period").

(Complaint at ¶ 10) (emphasis added). Defendants contend that the district court's ruling in *Castle*, which denied certification of a nationwide class, collaterally estops Plaintiffs from bringing this action, despite the fact that Plaintiffs have narrowed the proposed class definitions to only include putative class members from South Carolina and Georgia. Therefore, they move the court to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) or to enter summary adjudication in their favor.

## STANDARD OF REVIEW

### I. *Legal Standard for a Motion to Dismiss Pursuant to 12(b)(6)*

The purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg,* 943 F.2d 485, 489 (4th Cir. 1991). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.,* 95

F.3d 325, 327 (4th Cir.1996). Generally, the court looks only to the complaint itself to ascertain the propriety of a motion to dismiss. *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir.1980). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir.1978). This duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007). As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotations omitted).

## II. Legal Standard for Summary Judgment Pursuant to Rule 56

■ Motions for summary adjudication are governed by the same standards as motions for summary judgment. *Heslin–Kim v. CIGNA Group Ins.*, 377 F.Supp.2d 527, 530 n. 5 (D.S.C.2005). Thus, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of

fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir.1990).

## ANALYSIS

### I. Motion to Dismiss Based on Collateral Estoppel

■ Affirmative defenses, like collateral estoppel, may properly be raised through a motion to dismiss under Rule 12(b)(6) if the affirmative defense appears on the face of the complaint, or in documents properly attached to the complaint of which the court may take judicial notice.[1] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2509, 168 L.Ed.2d 179 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir.2000) ("Although an affirmative defense such as res judicata may be

---

**1.** Defendants ask the court to take judicial notice of court filings from the *Castle v. Wells Fargo Fin., Inc.* litigation noted above. Pursuant to Federal Rule of Evidence 201(b)(2), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Fourth Circuit has noted that "the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989). Therefore, the court takes judicial notice of these documents for purposes of Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Adjudication.

raised under Rule 12(b)(6) only if it clearly appears on the face of the complaint, when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact.") (internal quotations and citations omitted).

█ Collateral estoppel, or issue preclusion, provides that once a court of competent jurisdiction actually and necessarily determines an issue, that determination remains conclusive in subsequent suits, based on a different cause of action but involving the same parties, or privies, to the previous litigation. *Weinberger v. Tucker,* 510 F.3d 486, 491 (4th Cir.2007). Thus, "[t]he doctrine of collateral estoppel precludes relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate." *Id.* (quoting *Virginia Hosp. Ass'n. v. Baliles,* 830 F.2d 1308, 1311 (4th Cir.1987)). "A party seeking to rely on the doctrine of collateral estoppel is obliged to establish five elements: (1) that the issue sought to be precluded is identical to one previously litigated; (2) that the issue was actually determined in the prior proceeding; (3) that the issue's determination was a critical and necessary part of the decision in the prior proceeding; (4) that the prior judgment is final and valid; and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum." *Collins v. Pond Creek Mining Co.,* 468 F.3d 213, 217 (4th Cir. 2006) (quoting *Sedlack v. Braswell Servs. Group, Inc.,* 134 F.3d 219, 224 (4th Cir. 1998)).

### a. *Identical Issue Not Previously Litigated*

█ Defendants argue that, as in this case, the proposed nationwide class in *Castle* necessarily included all Wells Fargo employees in South Carolina and Georgia. Therefore, they assert that the *Castle* court addressed the issue before this court and preclusively found that the putative class members were not "similarly situated." Plaintiffs disagree and contend that the issue presented to the court in *Castle*—certification of a *nationwide* class of Wells Fargo credit managers, senior credit managers, assistant managers, and loan processors—differs from the issue before this court—certification of two *statewide* subclasses of those positions. Plaintiffs also assert that the issue in *Castle* involved Defendants' nationwide management practices rather than the management-chain-specific practice presented in this case. The court agrees with Plaintiff that the court in *Castle* did not consider the identical issue before this court. The *Castle* court ultimately determined that it could not certify a *nationwide* class of Wells Fargo current and former credit managers, senior credit managers, assistant managers, and loan processors, and while this proposed nationwide class technically included putative class members from South Carolina and Georgia, the court did not consider certification of a class that consisted only of members from these states. Therefore, the court finds that because Plaintiffs assert claims on behalf of putative class members located in narrower geographic regions and that fall under a specific management hierarchy (i.e., those positioned under the same first-, second-, and third-level managers as the named Plaintiffs), the issue presented to the court is not identical to the issue ruled on by the court in *Castle*.

### b. *The Issue Was Not Actually Determined*

■ Plaintiffs contend that because the two proposed subclasses presented to this court are not identical to the proposed nationwide class that the court declined to conditionally certify in *Castle*, the *Castle* court did not actually determine the issue presented in this case. Although the court noted that the *Castle* plaintiffs failed to prove "a common policy or practice [of Wells Fargo] on a nationwide or statewide basis," the issue of certification of a statewide class was not presented to the *Castle* court. Furthermore, the court made no reference to any plaintiff, putative class member, or Wells Fargo division or branch that existed in either South Carolina or Georgia in reaching its decision. Thus, contrary to Defendants' assertion, nothing indicates that the court in *Castle* actually determined whether or not Plaintiffs could successfully certify management-chain-specific, South Carolina-only and Georgia-only classes.

### c. *The Issue's Determination Was Not a Critical and Necessary Part of the Castle Decision*

■ As noted above, the identical issue presented to this court was not presented or actually determined by the *Castle* court; thus, the court cannot find that the issue presented in this action was a critical and necessary part of the *Castle* court's decision. Defendants note the *Castle* court's decision "that the plaintiffs and putative class members, including the named-Plaintiff in this case, were not 'similarly situated' to one another, and thus, on that basis, and overtime collective action could not be certified." Because the *Castle* court conducted a "side-by-side comparison of the declarants[']" statements concerning Defendants' alleged denial of overtime compensation, Defendants believe its findings should control the disposition of this matter as well. While the *Castle* court did reach these conclusions, the court disagrees it reached them while necessarily deciding whether or not putative members solely from South Carolina or solely from Georgia, in comparison only with themselves, are similarly situated enough to certify a collective action class. The *Castle* court clearly stated that the plaintiffs before it sought "conditional certification of a nationwide collective class under the FLSA," and it denied conditional certification because the evidence suggested "differing 'policies' or practices depending on the branch or the district, rather than on a nationwide basis." *Castle v. Wells Fargo Fin., Inc.*, No. 06-4347, 2008 WL 495705, at *1, 5, 2008 U.S. Dist. LEXIS 106703, at *4, 14 (N.D.Cal. Feb. 20, 2008). In fact, Plaintiffs filed this action with proposed statewide classes in response to the *Castle* court's suggestion that the evidence "at most" may support a finding that putative members of the same branches or districts are similarly situated. Therefore, the court finds that the issue presented in this matter was not a necessary part of the *Castle* court's judgment, and Plaintiffs did not have a full and fair opportunity to litigate whether or not their proposed statewide, management-chain-specific subclasses should be certified.

### d. *Other Spin–Off Cases From the Castle Litigation*

It would serve no purpose for the court to further discuss the remaining elements Defendants needed to establish to successfully assert collateral estoppel. The analysis up to this point precludes such a finding. The court considers it worth noting that at least three other courts presented with spin-off cases from the original *Castle* litigation have found that Defendants' collateral estoppel argument fails to dismiss any plaintiffs attempt to seek conditional certification of a proposed statewide class similar to the classes presented in this

case. *See Salgado v. Wells Fargo Fin., Inc.*, No. 2:08–cv–795–FCD–KJM, 2008 U.S. Dist. LEXIS 78699 (E.D.Cal. Oct. 3, 2008); (finding that the *Castle* court's order did not preclude the plaintiffs from seeking certification of a management-chain-specific, California-only FLSA collective action); *Szittai v. Wells Fargo Fin., Inc.*, No. 5:08–cv–01379–JG, 2008 WL 4647739, 2008 U.S. Dist. LEXIS 88903 (N.D.Ohio Oct. 20, 2008) (finding that the *Castle* court's order did not preclude a plaintiff from seeking certification of a management-chain-specific, Ohio-only FLSA collective action); *Clark v. Wells Fargo Fin., Inc.*, No. 08–CV–343, 2008 WL 4787444, 2008 U.S. Dist. LEXIS 89397 (M.D.N.C. Oct. 30, 2008) (finding that the *Castle* court's order did not preclude a plaintiff from seeking certification of a management-chain-specific, North Carolina-only FLSA collective action). For the same reasons articulated by the courts in these cases, the court denies Defendants' Motion to Dismiss because the *Castle* court did not necessarily decide the issue of class certification as it applies to the action filed by Plaintiffs in this case.

## II. *Motion for Summary Adjudication*

For the same reasons the court cannot grant Defendants' Motion to Dismiss, it also cannot grant Defendants' alternative request for summary adjudication. The record, at this early stage of litigation, does not reveal that the putative members of the two proposed subclasses are not similarly situated. Additional discovery will be necessary to determine the issue of class certification; more specifically, whether Defendants' Georgia and South Carolina divisions and management had in place a policy or practice that denied the putative class members overtime compensation. Therefore, the court denies Defendants' Motion for Summary Adjudication as well.

## CONCLUSION

For the foregoing reasons, it is **OR-DERED** that Defendants Wells Fargo Financial, Inc., Wells Fargo Financial South Carolina, Inc., and Wells Fargo Financial Georgia, Inc.'s Motion to Dismiss or, in the alternative, Motion for Summary Adjudication is **DENIED**.

**AND IT IS SO ORDERED.**