**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2116**

DAVID BRANDFORD,

       Plaintiff - Appellant,

    v.

SHANNON-BAUM SIGNS, INC.,

       Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:11-cv-00836-RDB)

Submitted: February 14, 2013     Decided: April 4, 2013

Before DAVIS, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles G. Byrd, Jr., ALSTON & BYRD, Baltimore, Maryland, for
Appellant.   Julie Glass Martin-Korb, Rockville, Maryland;
Patricia L. Payne, PAYNE & ASSOCIATES, LTD, Washington, D.C.,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Brandford appeals the district court's order dismissing without prejudice his employment discrimination complaint against his former employer, Shannon-Baum Signs, Inc., ("Defendant"). On appeal, Brandford contends that he established a prima facie case that Defendant discriminated and retaliated against him in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C.A. §§ 12101-12213 (West 2005 & Supp. 2012), the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634 (2006), and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2012). For the reasons below, we affirm the district court's order.[1]

We review de novo a district court's grant of summary judgment, "viewing the facts and the reasonable inferences drawn therefore in the light most favorable to the nonmoving party."[2]

---

[1] We conclude that, despite the district court's dismissal without prejudice, the order was final and we have jurisdiction over Brandford's appeal. See Chao v. Rivendell Woods, Inc., 415 F.3d 342, 345 (4th Cir. 2005) (finding that order dismissing entire action without prejudice is generally final).

[2] Although the district court repeatedly referred to Fed. R. Civ. P. 12(b)(6) in dismissing Brandford's complaint, we conclude that the court "effectively, if not formally, treated" Defendant's motion as one for summary judgment. George v. Kay, 632 F.2d 1103, 1106 (4th Cir. 1980). We further conclude that (Continued)

2

Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party sufficiently supports its motion for summary judgment, the nonmoving party must demonstrate "that there are genuine issues of material fact." Emmett, 532 F.3d at 297. "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

Where, as here, there is no direct evidence of discrimination, "a plaintiff may proceed under the McDonnell Douglas[3] 'pretext' framework, under which the employee, after

----

the district court did not err in doing so. See Fed. R. Civ. P. 61; Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 261 (4th Cir. 1998) (finding that, under circumstances, district court did not err in treating defendant's motion as one for summary judgment without notifying parties of its intent); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) ("[T]he nonmoving party cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery or moved for a continuance to permit discovery before the district court ruled.").

[3] McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 318 (4th Cir. 2005) (internal quotation marks and brackets omitted). It is well established that, even under the McDonnell Douglas burden-shifting scheme, the ultimate burden of persuasion remains on the plaintiff at all times. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).

First, we conclude that Brandford failed to exhaust his administrative remedies with respect to his ADEA claims. "Before a plaintiff may file suit under . . . the ADEA, he is required to file a charge of discrimination with the [Equal Employment Opportunity Commission ("EEOC")]." Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). "[A] failure by the plaintiff to exhaust administrative remedies concerning [an ADEA] claim deprives the federal courts of subject matter jurisdiction over the claim." Id. "[E]ntitlement to[] a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995).

Here, although Brandford alleged that the EEOC issued him a right-to-sue letter, he admitted that the EEOC considered and made a determination only on his disability discrimination

4

claims and not his age discrimination claims. Thus, we conclude that Brandford's failure to demonstrate that he was entitled to a right-to-sue letter on his ADEA claims deprived the district court of jurisdiction over those claims.

Turning to Brandford's claims of discriminatory discharge under the ADA and hostile work environment, we conclude that he failed to demonstrate the requisite prima facie case of discrimination. See Haulbrook v. Michelin N. Am., 252 F.3d 696, 702 (4th Cir. 2001) (providing elements of prima facie case of discriminatory discharge under ADA); Pueschel v. Peters, 577 F.3d 558, 565 (4th Cir. 2009) (providing elements of prima facie case of hostile work environment); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-23 (1993) (explaining that courts must look to totality of circumstances to determine whether conduct is subjectively and objectively hostile). Thus, Defendant was entitled to summary judgment on these claims.

Likewise, we conclude that Brandford has failed to demonstrate a prima facie case of retaliation under either the ADA or Title VII. See A Soc'y Without A Name v. Virginia, 655 F.3d 342, 350 (4th Cir. 2011) (providing elements of prima facie case of retaliation under ADA); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2011) (providing elements of prima facie case of retaliation under Title VII), cert. denied, 132 S. Ct. 1960 (2012); see also Kubicko v. Ogden Logistics Servs., 181

5

F.3d 544, 551 (4th Cir. 1999) (explaining activities that qualify as opposition and participation activities).

Accordingly, we affirm the district court's order dismissing Brandford's complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>