**Debra F. DRETAR, Plaintiff-Appellant,**

v.

**Brent W. SMITH, Defendant-Appellee.**

**No. 84–3100.**

United States Court of Appeals,
Fifth Circuit.

Feb. 11, 1985.

Douglas & Douglas, R. Travis Douglas, Kenner, La., for plaintiff-appellant.

Eneid A. Francis, Asst. U.S. Atty., New Orleans, La., for defendant-appellee.

Before GEE, REAVLEY and RANDALL, Circuit Judges.

REAVLEY, Circuit Judge:

Debra Dretar, an employee of the Department of Interior, Minerals Management Service, Environmental Unit, brought an action for assault and battery against Brent Smith, her supervisor. The district court dismissed the complaint for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). We affirm.

Dretar and Smith were engaged in a heated work-related discussion on July 29, 1982. Smith ordered Dretar to leave his office. As Dretar rose to leave, Smith shoved her through his office door and slammed the door behind her, causing the door handle to strike Dretar. Dretar filed suit in state court for assault and battery. Smith, as a federal employee, removed the action to federal court under 28 U.S.C. § 1442(a) (1982). The district court, citing *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), dismissed the action holding that Smith was absolutely immune from suit for common law torts as a federal employee acting within the scope of his employment.

Dretar first argues that the absolute immunity announced in *Barr* does not extend to battery[1] committed by federal employees not engaged in law enforcement activities. In *Barr*, 360 U.S. at 565–67, 79 S.Ct. at 1336–37, 3 L.Ed.2d at 1437–39, federal employees brought a libel action against their supervisor who, they alleged, issued a malicious and libelous press release. The plurality noted that the existence of absolute immunity for federal employees brought into sharp conflict two important interests. *Id.* at 564–65, 79 S.Ct. at 1336, 3 L.Ed.2d at 1434–37. On the one hand is the interest of individual citizens to be protected from tortious actions by federal officials. *Id.* at 565, 79 S.Ct. at 1336, 3 L.Ed.2d at 1437. On the other hand is the interest of the public in shielding responsible federal government officials "against the harassment and inevitable hazards of vindictive or ill-founded damage suits brought on account of action taken in exercise of their official responsibilities." *Id.*

The plurality in *Barr*, 360 U.S. at 574–75, 79 S.Ct. at 1341, 3 L.Ed.2d at 1443, resolved this conflict by holding that federal employees are entitled to absolute immunity for common law torts committed while acting within the course of their employment. The plurality continued that the immunity extended even to malicious acts that were within the outer perimeter of the federal employee's line of duty. *Id.* at 575, 79 S.Ct. at 1341, 3 L.Ed.2d at 1443. The

---

1. For purposes of this argument, Dretar apparently concedes that absolute immunity does extend to her assault claim. Two courts have held that absolute immunity does extend to assault claims. *Araujo v. Welch*, 742 F.2d 802, 806 (3d Cir.1984); *Wallen v. Domm*, 700 F.2d 124, 126 (4th Cir.1983).

plurality noted that although "there may be occasional instances of actual injustice which will go unredressed," it was a necessary price to pay for the greater good. *Id.* at 576, 79 S.Ct. at 1342, 3 L.Ed.2d at 1444. Finally, the plurality stated that sanctions other than civil tort actions were available to deter improper actions by government officials. *Id.*

■ The plurality in *Barr*, 360 U.S. at 575, 79 S.Ct. at 1341, 3 L.Ed.2d at 1443, acknowledged that the immunity has its limits. The "action taken [must be] within the outer perimeter of [the federal employee's] line of duty." *Id.*[2] This court is now called on to define the limits of the absolute immunity in actions for battery against federal employees not engaged in law enforcement activities.[3] We hold that the individual citizen's interest to be protected from physical force by federal officials outweighs the public's interest in shielding government officials from defending damage suits brought on account of action taken in exercise of their official responsibilities when the battery by the federal official "cause[s] severe injuries, [is] grossly disproportionate to the need for action under the circumstances, and [is] inspired by malice." *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir.1981) (same inquiry to determine whether physical abuse is actionable under 42 U.S.C. § 1983 (1982)).

■ Here, Dretar alleges in her complaint that after the termination of a work-related discussion, Smith shoved her out of his office and closed the door, causing the door handle to strike her. As a result of the blows, Dretar suffered pain in her lower back and incurred medical expenses in the amount of $44.85. Taking Dretar's allegations as true, we hold that because Dretar has not alleged sufficiently severe injuries which, the district court properly

held that Smith was entitled to absolute immunity and dismissed Dretar's complaint. In so holding, we no more condone Smith's actions than the plurality in *Barr* condoned the federal official's issuance of an alleged malicious and libelous press release. We believe, however, that a slight battery such as that suffered by Dretar is the price that we all must pay to free our public officials from the fear of defending vindictive and ill-founded damage suits in performing their official duties. Furthermore, as the plurality noted in *Barr*, 360 U.S. at 576, 79 S.Ct. at 1342, 3 L.Ed.2d at 1444, there are administrative procedures available to Dretar to deter Smith from such actions in the future. *See* 5 C.F.R. §§ 771.201–771.304 (1984).

Our decision is bolstered by *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), where the Court held that common law constitutional torts do not extend to violations of federal employee's constitutional rights by their supervisors. The Court reasoned that the special interest that the executive and legislative branches have in employment relations in the federal government and the extensive civil service structure constructed by Congress militated against the Court's extending constitutional tort liability to the federal employment situation. *Id.* at 388–89, 103 S.Ct. at 2416–17, 76 L.Ed.2d at 663–64.

*Bush* does not require this court to hold that the state law tort of battery is inapplicable to the federal employment situation. *Bush* does suggest, however, that federal courts should consider the greater interests that the executive and legislative branches have in federal employment relations in determining the scope of the absolute immunity. The existence of an administrative grievance procedure, *see* 5 C.F.R. §§ 771.-201–771.304 (1984), convinces us that the branches of government with the greatest interest in federal employment relations

---

**2.** The federal employee's action must also be connected with a discretionary function. *Norton v. McShane*, 332 F.2d 855, 859 (5th Cir. 1964), *cert. denied,* 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965). Supervising employees is certainly a discretionary function.

**3.** The absolute immunity in battery actions brought against federal employees engaged in law enforcement activities will continue to be governed by *Norton v. McShane*, 332 F.2d 855 (5th Cir.1964), *cert. denied,* 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965).

have provided Dretar with a remedy believed to be sufficient. Therefore, this court should not unduly limit the absolute immunity to provide Dretar with further relief.

Dretar cites *Araujo v. Welch,* 742 F.2d 802 (3d Cir.1984), and *McKinney v. Whitfield,* 736 F.2d 766 (D.C.Cir.1984), to support her position that absolute immunity does not extend to batteries committed by federal employees not engaged in law enforcement activities. In *Araujo,* 742 F.2d at 804, a federal employee alleged that her supervisor repeatedly poked and shoved her in the chest during a work-related discussion. In *McKinney,* 736 F.2d at 767 & n. 5, a federal employee alleged that her supervisor pushed a chair into her leg and gripped and twisted her arm, causing abrasions, swelling, and exacerbation of a previous injury to her arm. Both courts reasoned that because the use of physical force by a desk employee did not aid in the effective functioning of government, the defendants were not entitled to absolute immunity from actions for battery. *Araujo,* 742 F.2d at 806; *McKinney,* 736 F.2d at 770.

The court in *Araujo,* 742 F.2d at 806, specifically limited its decision to battery, holding that the supervisor was absolutely immune from claims for assault and intentional infliction of emotional distress. The court stated that federal supervisors "must be able to speak freely to their employees without 'apprehension that the motives that control [their] official conduct may, at any time, become the subject of inquiry in a civil suit for damages.'" *Id.* (quoting *Spaulding v. Vilas,* 161 U.S. 483, 498, 16 S.Ct. 631, 637, 40 L.Ed. 780 (1896)).

We cannot accept the *Araujo* and *McKinney* courts' reasoning or conclusion that the absolute immunity does not extend to *any* battery committed by a federal desk employee because we believe that the *Araujo* and *McKinney* courts misapprehended the nature of the considerations at stake in absolute immunity cases. First, the courts in *Araujo,* 742 F.2d at 806, and *McKinney,* 736 F.2d at 770, considered the

nature of the tort alleged. The plurality in *Barr,* 360 U.S. at 574–75, 79 S.Ct. at 1341, 3 L.Ed.2d at 1443, however, considered the overall conduct of the federal employee, not the particular tort, to determine whether he was acting within the scope of his duties. *See Wallen v. Domm,* 700 F.2d 124, 126 (4th Cir.1983) ("[T]o separate the activity that constitutes the wrong from its surrounding context—an otherwise proper exercise of authority—would effectively emasculate the immunity defense. Once the wrongful acts are excluded from an exercise of authority ... the defense would apply only to conduct for which it is not needed.").

Second, in *Araujo,* 742 F.2d at 806, and *McKinney,* 736 F.2d at 770, the courts considered whether the tort alleged aided in the effective functioning of government. The plurality in *Barr,* 360 U.S. at 571, 79 S.Ct. at 1339, 3 L.Ed.2d at 1441, however, was guided by considerations of protecting government officials from suits that would "consume their time and energies" and "inhibit the fearless, vigorous, and effective administration of policies of government." The *Araujo* and *McKinney* courts gave short shrift to these interests enunciated in *Barr.* In fact, the interests were not considered by the *McKinney* court and were considered in *Araujo,* 742 F.2d at 806, only when the court extended absolute immunity to claims for assault and intentional infliction of emotional distress. Finally, the *Araujo* and *McKinney* courts completely failed even to mention the consideration raised in *Bush* of the executive and legislative branches' superior interest in federal employment relations.

Dretar next argues that Smith is not absolutely immune from the suit for assault and battery because the torts occurred after the work-related discussion had terminated. We cannot agree with Dretar that the existence of the federal employees' absolute immunity stops at the precise moment that she believes the discussion had ended. The absolute immunity in this case extended to the alleged assault

and battery. *See Currie v. Guthrie,* 749 F.2d 185 (5th Cir.1984).

The district court's dismissal of Dretar's complaint is AFFIRMED.