Denise OWENS

v.

UNITED STATES of America, a body politic, Veterans Administration, a body politic, Dr. William Lowe, Dr. Frank Casella, Mr. Vincent Lisi, Mr. Jose Valaquez, Mr. John Hill, Mr. Frank Taylor, Mr. Thomas Turnage, Head of the Veterans Administration, a body politic.

Appeal of UNITED STATES of America, et al.

No. 86–5622.

United States Court of Appeals, Third Circuit.

Argued March 18, 1987.

Decided June 30, 1987.

Paul J. Dillon (argued), U.S. Atty.'s Office, Newark, N.J., Edward A. Zunz (argued), Riker, Danzig, Scherer, Hyland & Perretti, Morristown, N.J., for appellants.

Katherine V. Dresdner (argued), Freeman & Bass, P.A., Newark, N.J., for appellee.

Before HIGGINBOTHAM, MANSMANN and ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This is an appeal from the district court's ruling on defendants-appellants' motion to dismiss the complaint of appellee Denise Owens ("Owens"). That complaint sought damages against defendants-appellants under the fourteenth amendment of the United States Constitution, 42 U.S.C. § 2000e et seq. (1982) ("Title VII"), 42 U.S.C. § 1983 (1982), the Constitution of the State of New Jersey, and the common law of New Jersey. Under the authority of *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), and *Araujo v. Welch*, 742 F.2d 802 (3d Cir.1984), the district court dismissed Owens's federal constitutional and § 1983 claims as to all defendants-appellants, dismissed Owens's Title VII claims as to all defendants-appellants except Thomas Turnage ("Turnage") as head of the Veterans Administration, and refused to dismiss Owens's state claims as to any appellant-defendant.

Because we find that Title VII provides Owens's exclusive federal remedy, we affirm the district court's ruling to the extent it dismissed the federal constitutional and § 1983 claims as to all defendants-appellants. Because we find that Turnage was the only appropriate Title VII party among defendants-appellants, we affirm the district court's decision to the extent it dismissed the Title VII claims against the other defendants. Because we find that the doctrine of absolute immunity does not shield defendant-appellant Dr. William Lowe ("Lowe") from the state claims against him, we affirm the district court's ruling to the extent it upheld those claims. Because we find that the pleadings contain insufficient allegations and information to determine whether the doctrine of absolute immunity shields the remaining defendants-appellants ("the supervisory defendants") from the state claims against them, we remand those claims to the district court to afford Owens the opportunity to make more specific her allegations.

### I.

At all relevant times, Denise Owens was employed by the Veterans Administration as a clerical worker at the Administration's Medical Center in East Orange, New Jersey. Owens alleges that from January 1984 to April 1985, Lowe, a staff physician for the Medical Center who worked with but did not supervise Owens, repeatedly harassed her sexually, causing Owens physical, emotional, and psychological harm. Owens alleges further that her protests did not end Lowe's sexual harassment and that her complaints concerning the harassment to Vincent Lisi ("Lisi"), Owens's immediate supervisor were ignored. Owens alleges additionally that her complaints to Lisi's supervisor, Jose Velaquez ("Velaquez"), to Velaquez's supervisor, John Hill ("Hill"), to Hill's supervisor, Frank Taylor ("Taylor"), and to Taylor's supervisor, Dr. Frank Casella ("Casella"), were also ignored. Indeed, Owens maintains that her supervisors ridiculed her for reporting the harassment and that Hill on several occasions attempted to persuade her to drop the Equal Employment Opportunity Commission ("EEOC") complaint that Owens filed on February 25, 1985. Despite her supervisors' alleged actions, Owens filed the instant action in the United States District Court for the District of New Jersey on October 21, 1985.

### II.

This appeal requires us to determine whether principles of absolute immunity and federal statutory construction shield defendants-appellants under the circumstances of this case. For purposes of convenience, we will first consider the claims against Dr. Lowe. We will then consider the claims against the supervisory defendants. Because this case involves only a legal determination concerning the scope of absolute immunity, our review is plenary. *See Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), (immunity is generally a legal question for the court).

### A.

█ The district court determined that Owens's federal constitutional and statu-

tory claims against Lowe are completely barred. We agree with this determination. Interpretation of Title VII has shown that Title VII provides federal employees a remedy that "precludes actions against federal officials for alleged constitutional violations as well as actions under other federal legislation." *Kizas v. Webster,* 707 F.2d 524, 542 (D.C.Cir.1983) (citations omitted). *See Brown v. GSA,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) (Title VII remedy exclusive federal remedy against federal officials for federal employee); *Gisen v. Tackman,* 537 F.2d 784 (3d Cir.1976) (en banc) (same); *Richardson v. Wiley,* 569 F.2d 140 (D.C.Cir.1977) (per curiam) (same). As discussed *infra,* p. 412, a Title VII action is properly filed only against the head of the relevant federal agency. Since in addition to federal constitutional and statutory claims against Lowe, Owens alleged a Title VII claim that provided Owens her exclusive federal remedy, the district court correctly dismissed the federal claims as to Lowe.

The state constitutional and common law claims against Lowe require more detailed analysis. The disposition of these claims depends upon our construction of our recent decision in *Araujo v. Welch,* 742 F.2d 802 (3d Cir.1984), which defined the scope of the absolute immunity afforded federal officials by *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). *Barr* granted federal officials absolute immunity from civil liability for certain acts because the Supreme Court concluded that fear and threat of damage suits for acts performed by officials in furtherance of their duties might appreciably inhibit the vigorous and effective administration of government policies. *Barr,* 360 U.S. at 571, 79 S.Ct. at 1339. To foster only official acts in furtherance of effective administration of governmental policy, however, the Court held that immunity should be extended only

where two requirements are satisfied. First, the official act must involve policymaking or the exercise of judgment. *Id.* at 574, 79 S.Ct. at 1341. This requirement has often been phrased as a requirement that the official engage in a discretionary, as opposed to a minsterial, function. Second, the official act must be "within the outer perimeter" of the official's duties. *Id.* at 575, 79 S.Ct. at 1341. Satisfaction of both requirements is a prerequisite for immunity.

With regard to the second *Barr* requirement, this Court has substantially refined its analysis. In *Araujo,* we adopted the "functional approach" applied in *Carter v. Carlson,* 447 F.2d 358 (D.C.Cir.1971), *rev'd on other grounds sub nom. District of Columbia v. Carter,* 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973), for determining whether an official act falls "within the outer perimeter" of an official's duties. The *Carter* functional approach requires us "to consider the precise function at issue, and to determine whether an officer is likely to be unduly inhibited in the performance of that function by the threat of liability for tortious conduct." *Carter,* 447 F.2d at 362.

In her amended complaint, Owens asserts state claims [1] based on the alleged fact that Lowe on several occasions made verbal sexual propositions. We find that such verbal acts are not immunized under *Araujo.* In order to be protected under the doctrine of absolute immunity, an official act must enhance the performance of official function by advancing some legitimate purpose of the office in question. *See Araujo,* 742 F.2d at 805. As *Araujo* clearly shows, verbal communication can enhance performance of official function when such communication concerns work-related matters. *See id.* at 806. Verbal sexual harassment is not communication

---

**1.** The district court appeared to categorize Owens's claims under New Jersey law. While we note that Owens's complaint could conceivably allege, among other things, assault, battery, harassment, and/or intentional infliction of emotional distress under New Jersey law, we do not think it necessary to attempt to define her claims. Since the appropriate inquiry in this case is into the effect of a civil suit based on the challenged official acts, and not into the suit's appellation, we do not attempt to determine the particular state claims we believe Owens's complaint may have asserted. Rather, we simply determine whether the underlying acts are immunized under these circumstances.

that relates to work and consequently cannot enhance performance of official function. Indeed, verbal sexual harassment of a co-worker affirmatively impedes the performance of official function by, at a minimum, diverting the official's attention from work-related matters. Accordingly, under the *Carter* approach adopted in *Araujo*, Lowe's acts were not "within the outer perimeter" of his duties.[2]

Owens's amended complaint also asserts state claims based on Lowe's alleged sexual harassment.[3] As the first count of Owens's complaint asserts a Title VII claim, the EEOC Guidelines to Title VII provide an appropriate means for interpreting the allegations of that complaint. The EEOC Guidelines, set forth at 29 C.F.R. § 1604.11, offer the following:

> (a) Harassment on the basis of sex is a violation of Sec. 703 of Title VII. Unwelcome sexual advances, requests for sexual favors and other verbal *or physical conduct of a sexual nature constitute sexual harassment* when ... (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.

29 C.F.R. § 1604.11 (1986) (emphasis supplied) (footnote omitted).

Therefore, broadly construed as it must be, *see Sinclair v. Kleindienst*, 711 F.2d 291 (D.C.Cir.1983), Owens's state claims allege both verbal and physical abuse. As we held above, the allegations of verbal abuse are actionable under *Araujo*. Also under that decision, state claims based on physical abuse under these circumstances are viable. As we found in *Araujo*, we find here that physical contact is not necessary to the performance of the function at issue. There is simply nothing in the relationship between Owens and Lowe that suggests that physical contact between the two would substantially aid either in fulfilling or comprehending their duties or functions.[4] As in *Araujo*, we are here presented with a context that, unlike the law enforcement context, does not appear to require force or physical contact. *See Araujo*, 742 F.2d at 806. Accordingly, we find that Owens's allegations of physical sexual abuse were correctly upheld by the district court.[5]

## B.

■ We next consider the claims against the supervisory defendants. The district court determined that Owens's federal constitutional and statutory claims against the supervisory defendants, except the Title VII claim against Turnage as head of the Veterans Administration, must be dismissed.[6] Again, we agree with this determination. As we held above, Owens's Title VII claim provides her exclusive claim for federal relief. Owens cannot maintain any of her federal claims against Lowe. As to the supervisory defendants, Owens can only maintain the Title VII claim against

2. Since Lowe's alleged verbal propositions do not fall "within the outer perimeter" of his duties, we need not consider whether Lowe's actions are discretionary within the meaning of *Barr*.

3. Owens's amended complaint asserts federal and state claims based in part on "sexual harassment." *See* App. at 41–48. The amended complaint itself does not make entirely clear whether physical contact has been alleged. For reasons set forth *infra*, p. 411, we interpret Owens's claims based on sexual harassment to allege both verbal and physical abuse and accordingly analyze state claims based on both types of abuse under applicable law.

4. Owens's complaint does not appear to allege that Lowe committed his physical abuse during, for example, the conduct of required medical examinations. If upon development of Owens's case, it appears that some claims are based upon such examinations, the district court might, at the summary judgment stage, consider the need for appropriate physical contact when the court assesses the validity of such claims under the functional approach.

5. Again, because we find that Lowe's alleged sexual harassment does not fall "within the outer perimeter" of his duties, we need not consider whether his actions are discretionary within the meaning of *Barr*. *See supra* note 2.

6. The only appropriate defendant in a federal employment Title VII claim is the head of the agency involved. 42 U.S.C. § 2000e–16(c) (1982); *Otto v. Heckler*, 781 F.2d 754 (9th Cir. 1986).

Turnage. Thus, the federal claims, except that against Turnage, who is an appropriate party to the Title VII claim, were correctly dismissed by the district court.

The state constitutional and common-law claims against the supervisory defendants should also be analyzed under *Araujo, Carter,* and *Barr.* As above, this analysis would require us first to determine whether the challenged acts were "within the outer perimeter" of the official's duties by determining whether the imposition of liability for the challenged acts is likely unduly to inhibit the performance of legitimate functions. If the challenged acts were found to be "within the outer perimeter," we would next determine whether the acts are discretionary within the meaning of *Barr.*

■ We will not, however, perform the above analysis. Although *Araujo, Carter,* and *Barr* provide the proper framework for analyzing Owens's state claims, we conclude that the pleadings before us do not allow us to rule on those claims. Whether each official is entitled to immunity depends in part upon the duties and tortious acts with which he is charged. The record before us gives us almost no indication of the supervisory responsibilities of each of the supervisory defendants and of the relative importance of those responsibilities with respect to Owens. The record also does not make entirely clear the nature of the verbal acts with which each of the supervisory defendants is charged. Until these responsibilities and allegations are set forth with greater specificity, we do not believe that under the circumstances of this case we can make an informed decision on the state claims against the supervisory defendants. Accordingly, we will remand these claims to the district court so that Owens may amend her complaint to assert with greater specificity the responsibilities of each of the supervisory defendants and the acts that each allegedly committed.[7]

### C.

We therefore conclude that the district court correctly dismissed the federal claims against Lowe. As to the state claims against Lowe, the district court correctly refused to dismiss those claims because he is not entitled to absolute immunity for his alleged acts. We conclude further that the district court acted correctly when it dismissed the federal claims against the supervisory defendants except the Title VII claim against Turnage, an appropriate Title VII defendant. As for the state claims against the supervisory defendants, we remand them to the district court, which should afford Owens an opportunity to amend her complaint to allege with greater specificity the duties of those defendants and their alleged acts.

### III.

An appropriate judgment shall be entered.

----

**7.** In contrast to the supervisory defendants, Lowe is simply a physician co-worker who definitely does not have extraordinary responsibilities with respect to Lowe that are relevant for purposes of this appeal. We therefore feel no need to remand the state claims against Lowe.