Denise OWENS, Plaintiff,

v.

**Mr. Thomas TURNAGE, et al., Defendants.**

Civ. A. No. 85–4988.

United States District Court, D. New Jersey.

March 22, 1988.

---

Freeman & Bass, Thomas J. Bell, Jr., Newark, N.J., for plaintiff.

Paul G. Shapiro, Asst. U.S. Atty., Newark, N.J., for defendants Turnage, Lisi, Velasquez, and Hill.

Riker, Danzig, Scherer, Hyland & Perretti, Edward A. Zunz, Morristown, N.J., for defendant Lowe.

### OPINION

SAROKIN, District Judge.

In this action by a former Veterans Administration hospital employee charging sexual harassment, defendants Vincent Lisi, John Velasquez, and John Hill move to dismiss plaintiff's reamended complaint or, alternatively, for summary judgment. The court denies defendants' motion.

## BACKGROUND

At all times relevant to this action, plaintiff Denise Owens was a clerical worker at the Veterans Administration Medical Center in East Orange, NJ. On October 21, 1985, plaintiff commenced this action by filing a complaint alleging repeated sexual harassment by Dr. William Lowe, a staff physician at the hospital. The complaint alleged further that certain supervisory personnel at the hospital ignored plaintiff's complaints of harassment and ridiculed her for making such reports. The complaint sought damages under the United States Constitution, Title VII of the Civil Rights Act, 42 U.S.C. § 1983, the New Jersey Constitution, and the common law of New Jersey.

By order dated July 31, 1986, the Hon. Herbert J. Stern dismissed plaintiff's Title VII claims as to all defendants except Thomas Turnage, the head of the Veterans Administration; dismissed plaintiff's other federal claims as to all defendants; and denied, in substantial part, defendants' motion to dismiss plaintiff's state law claims.[1]

The Third Circuit affirmed the court's ruling as to the dismissal of the Title VII claims against all defendants except Turnage; the dismissal of other federal claims against all defendants; and the denial of the motion to dismiss the state law claims against Dr. Lowe. *Owens v. United States*, 822 F.2d 408 (3d Cir.1987). The court remanded for further proceedings as to plaintiff's state law claims against the supervisory defendants. The court concluded that plaintiff's current pleadings did not allow for a ruling as to these defendants' claims of absolute immunity under *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) and *Araujo v. Welch*, 742 F.2d 802 (3d Cir.1984). *Owens*, 822 F.2d at 412. The court explained:

> Whether each official is entitled to immunity depends in part upon the duties and tortious acts with which he is charged. The record before us gives almost no indication of the supervisory responsibilities of each of the supervisory defendants and of the relative importance of those responsibilities with respect to Owens. The record also does not make entirely clear the nature of the verbal acts with which each of the supervisory defendants is charged. Until these responsibilities and allegations are set forth with greater specificity, we do not believe that under the circumstances of this case we can make an informed decision on the state claims against the supervisory defendants. Accordingly, we will remand these claims to the district court so that Owens may amend her complaint to assert with greater specificity the responsibilities of each of the supervisory defendants and the acts that each allegedly committed.

*Id.* at 412 (footnote omitted).

On October 16, 1987, plaintiff filed a reamended complaint and jury demand including Vincent Lisi, Jose Velazquez, and John Hill as supervisory defendants.[2] These defendants move to dismiss the reamended complaint or, alternatively, for summary judgment on the basis of claimed absolute immunity.

## DISCUSSION

In *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), the Supreme Court granted to federal employees absolute immunity from certain state law tort actions. This absolute immunity is available only "when the conduct of federal officials is within the scope of their official duties *and* the conduct is discretionary in nature." *Westfall v. Erwin*, — U.S. —, 108 S.Ct. 580, 584, 98 L.Ed.2d 619 (1988); *see, e.g., Owens v. United States*, 822 F.2d 408, 410 (3d Cir.1987) (stating that absolute immunity applies only if the official act involves a discretionary function and is "within the outer perimeter" of the official's duties). The court applies these legal

---

**1.** As against all defendants except Dr. Lowe, the court dismissed plaintiff's state law claims not "based on the common law torts of harassment and assault."

**2.** The original complaint also named Dr. Frank Casella and Mr. Frank Taylor as individual defendants. The reamended complaint does not include these individuals as defendants.

standards to the allegations in plaintiff's reamended complaint.[3]

### I. *Mr. Lisi and Mr. Velasquez*

Mr. Lisi, Chief of Employee Relations at the hospital, was plaintiff's immediate supervisor. Reamended Complaint and Jury Demand, Third Count at ¶ 7; Affidavit of Vincent Lisi at ¶¶ 2, 5.

Plaintiff alleges that she complained to Mr. Lisi about Dr. Lowe's repeated sexual harassment. Reamended Complaint and Jury Demand, Third Count at ¶ 8. The complaint alleges the following conduct:

> Mr. Lisi on a daily bases [sic] made jokes about the plaintiff and ridiculed her and demeaned her in front of co-workers causing great humiliation and embarassment to plaintiff. For example, approximately two times a day plaintiff Owens would carry reports to the Personnel Department where she would do zeroxing [sic] and be involved with other paper work. Each time she entered the work area where Mr. Lisi was located, Mr. Lisi would call out to her and make comments such as "how's your boyfriend doing today" refering [sic] to Dr. Lowe, or "how are you and Dr. Lowe today, did you make up after your little fight today?", or "has your boyfriend seen your hair today?" ... Mr. Lisi made comments about the plaintiff Owens and Dr. Lowe as though they were married or going together as girlfriend and boyfriend.

*Id.* at ¶ 8.

Mr. Velasquez was plaintiff's "second-level supervisor" and Mr. Lisi's direct supervisor. See Affidavit of Jose Velasquez at ¶ 5; Reamended Complaint and Jury Demand, Third Count at ¶ 10. Plaintiff alleges that Mr. Velasquez was aware of plaintiff's complaints concerning Dr. Lowe's sexual harassment. Reamended Complaint and Jury Demand, Third Count at ¶ 10. The complaint alleges the following conduct:

> Mr. Velasquez made frequent, almost daily comments to the plaintiff constituting verbal sexual abuse. Mr. Velasquez called Dr. Lowe the plaintiff's boyfriend. Mr. Velasquez would ask plaintiff Owens when he saw her walking through his work area, "how's your boyfriend doing today?" ... Mr. Velasquez treated plaintiff Owens as though she was having an affair with Dr. Lowe or as though they were a married couple. Mr. Velasquez commented about a particular oriental outfit which plaintiff wore at a Christmas party when he stated in front of other supervisors and co-workers of the plaintiff, "has [sic] Dr. Lowe seen you in that outfit yet?"

*Id.* at Third Count, ¶ 11.

The court finds that the alleged conduct of defendants Lisi and Velasquez is not "within the outer perimeter" of their official duties. Therefore, these defendants are not immune from plaintiff's state law claims.

Under the functional approach to immunity adopted by the Third Circuit, the court must "consider the precise function at issue, and ... determine whether an officer is likely to be unduly inhibited in the performance of that function by the threat of liability for tortious conduct." *See, e.g.,* *Owens,* 822 F.2d at 410 (*quoting Carter v. Carlson,* 447 F.2d 358, 362 (D.C.Cir.1971), *rev'd on other grounds sub nom. District of Columbia v. Carter,* 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973)). Put differently, the "official act must enhance the performance of official function by advancing some legitimate purpose of the office in question." *Owens,* 822 F.2d at 410.

Defendants contend that the official acts involve work-related speech concerning plaintiff's relationship with Dr. Lowe. Defendants, as supervisors, were charged with the responsibility of monitoring relationships between coworkers; defendants contend that this function will be impaired

---

**3.** Defendants contend that plaintiff may not rely on the allegations of the complaint to oppose its motion. First, the court notes that defendant's motion is styled as a motion to dismiss or for summary judgment. Second, analysis of the immunity defense requires no more than examination of plaintiff's allegations.

by the threat of liability for acts such as those alleged by plaintiffs.

Plaintiff's allegations, though, undermine defendants' position. Plaintiff alleges that defendants taunted and insulted her about Dr. Lowe's harassment. Defendants' unsolicited remarks cannot be construed as attempts by supervisors to monitor and alleviate difficulty between co-workers. Defendants' conduct, as alleged by plaintiff, is consistent only with an intention by the supervisory defendants to further harass plaintiff.

■ Such conduct cannot be said to "enhance the performance of official function by advancing some legitimate purpose of the office in question." *Owens,* 822 F.2d at 410. Verbal communication concerning work-related matters may be entitled to absolute immunity. *See Araujo v. Welch,* 742 F.2d 802, 806 (3d Cir.1984).[4] However, defendant's speech is not "work-related" simply because it occurred at work and involves two employees. The Third Circuit's comments concerning Dr. Lowe's alleged verbal sexual harassment apply with equal force to Mr. Lisi's and Mr. Velasquez's taunts concerning that harassment —these communications do not relate to work and

> consequently cannot enhance performance of official function. Indeed, [such taunts] affirmatively impede the performance of official function by, at a minimum, diverting the [defendants'] attention from work-related matters.

*Id.* 822 F.2d at 411.

The Supreme Court has stated recently: In deciding whether particular govermental functions properly fall within the scope of absolute official immunity, ... courts should be careful ... to consider whether the contribution to effective Government in particular contexts outweighs the potential harm to individual citizens.

*Westfall v. Erwin,* —— U.S. ——, 108 S.Ct. 580, 584, 98 L.Ed.2d 619, 56 U.S.L.W. 4087, 4089 (1988). The court cannot say that the invocation of absolute immunity as to the alleged conduct of Mr. Lisi and Mr. Velasquez contributes in any significant way to effective government. Such conduct is not within the "outer perimeter" of defendant's duties; therefore, defendants may not invoke the defense of absolute official immunity.

The court denies the motion to dismiss or, alternatively, for summary judgment as to defendants Lisi and Velasquez.

## II. *Mr. Hill*

Mr. Hill was plaintiff's "third-level supervisor" and the direct supervisor of Mr. Velasquez and Mr. Lisi. Affidavit of John Hill at ¶ 4; Reamended Complaint and Jury Demand, Third Count at ¶ 12. The complaint alleges that Mr. Hill was aware of plaintiff's complaints and that Mr. Hill engaged in the following conduct:

> Mr. Hill said to plaintiff Owens in front of other co-workers, "how are you and your boyfriend doing, is your boyfriend still giving you problems? Subsequently, during the EEOC investigation of plaintiff's complaint against Dr. Lowe, Mr. Hill told plaintiff Owens to drop her case. He advised her that he did not want her to speak with the director of the hospital Mr. Peter Baglio because he did not want Director Baglio to know about her complaint. Mr. Hill told plaintiff Owens that her complaint "makes it

---

4. *Araujo* is distinguishable from the case at hand. *Araujo* involved allegations of assault and intentional infliction of emotional distress arising from a supervisor's aggressive and emotional statements to an employee concerning work-related matters. The Third Circuit held that oral communication concerning work-related matters advances legitimate objectives of the office and that supervisors must be able to speak freely with their employees on work-related matters. 742 F.2d at 806. By contrast, no interest is present in allowing supervisors to taunt an employee with respect to claims of sexual harassment.

Similarly, *Wallen v. Domm,* 700 F.2d 124 (4th Cir.1983) and *Andrejko v. Sanders,* 638 F.Supp. 449, 453 (M.D.Pa.), *aff'd without opinion,* 800 F.2d 1130 (3d Cir.1986), are inapplicable. Both cases hold that officials are entitled to absolute immunity from liability for aggressive criticism of an employee's work performance. Criticism of performance furthers a legitimate office function; taunts regarding sexual harassment do not.

look bad" for him. On one occasion Mr. Hill attempted to assault plaintiff Owens by attempting to grab her arm and drag her upstairs to see the EEO Counselor Mr. Palmer. Mr. Hill had demanded that plaintiff Owens drop the case and he wanted to take her upstairs to see Mr. Palmer so that she could tell Mr. Palmer that she would drop her case. Plaintiff Owens refused to go to see Mr. Palmer and Mr. Hill got very angry and attempted to grab her and take her upstairs to see Mr. Palmer.... On another occasion after plaintiff Owens had consulted with an attorney concerning her legal rights with respect to the ongoing continuing problems plaintiff was experiencing at the Veterans Administration, Mr. Hill further harassed her by demanding to know why she consulted with an attorney.

*Id.* at ¶ 12.

As explained in connection with the other defendants, Mr. Hill's alleged taunts to plaintiff concerning Dr. Lowe's harassment are not acts protected by the doctrine of absolute official immunity.

█ In addition, Mr. Hill's alleged attempt to physically assault plaintiff is not an act entitled to absolute immunity protection.[5] Plaintiff alleges that Mr. Hill sought to physically force plaintiff to go to the office of the EEO counselor and drop her case. As the Third Circuit stated in *Araujo*:

> Physical abuse in a situation as that presented here is unnecessary and unwarranted. This is simply not a situation involving security of law enforcement officials where, as an example, in making an arrest or enforcing an injunction, possible physical contact is reasonably foreseeable and sometimes necessary "to aid in the effective functioning of government."

*Araujo v. Welch,* 742 F.2d 802, 806 (3d Cir.1984) (citation omitted). No legitimate purpose is served by allowing a Veterans Administration hospital supervisor to attempt to use physical force in such a situation. *See id.* at 806; *see also Arnold v. United States,* 816 F.2d 1306, 1312 (9th Cir.1987); *McKinney v. Whitfield,* 736 F.2d 766, 769 (D.C.Cir.1984) (finding that battery is beyond the "outer perimeter" of official duty). *But see Palermo v. Rorex,* 806 F.2d 1266, 1273 (5th Cir.1987); *Dretar v. Smith,* 752 F.2d 1015, 1018 (5th Cir.1985) (rejecting *McKinney* and *Araujo* ).

The court denies the motion to dismiss or, alternatively, for summary judgment as to defendant Hill.

CONCLUSION

Sexual harassment in the workplace takes a variety of forms. It can be direct and obvious or indirect and subtle. Serious consideration and treatment of complaints of sexual harassment by employers is essential to the eradication of this all too common and degrading practice.

To greet complaints of sexual harassment with humor or ridicule serves to exacerbate the injury rather than remedy it. Those in a supervisory role who react in this fashion contribute to the atmosphere which encourages such humiliation. Federal employees who do so are not and should not be immune from liability. Immunity extends to those actions which are in the scope of one's official duties. To participate in or condone sexual harassment and scoff at its victims is not within the scope of any employee's official duties. If plaintiff can prove the allegations of her complaint in this matter, defendants are not entitled to immunity.

The court denies the supervisory defendants' motion to dismiss plaintiff's reamended complaint or, alternatively, for summary judgment.

█

---

**5.** Plaintiff's complaint does not make clear whether plaintiff seeks to premise liability on Mr. Hill's verbal attempts to convince plaintiff to drop her harassment complaint. The state law basis for such a claim is unclear. If plaintiff intends to pursue a claim based on such acts and identifies its legal basis, the court will address whether Mr. Hill may invoke an absolute immunity defense.