

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2005

# Wilson v. Potter

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2485

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Wilson v. Potter" (2005). *2005 Decisions.* Paper 56.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/56

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2485

RONALD E. WILSON,
                                        Appellant

v.

JOHN E. POTTER, Post Master General;
UNITED STATES POSTAL SERVICE AGENCY;
KAREN RAINEY, Plant Manager, since retired, U.S.P.S.;
JOHN BOYLE, Maintenance Manager;
CHARLES BARNER, Maintenance Manager;
TIMOTHY BURKE, Post Master;
WILLIAM GORDY, Previous EEO Representative;
CATHERINE M. SHADE, A/Manager EEO Dispute Resolutions;
DANIAL BEAVER, USPS Maintenance Employee;
THEODORA BEAVER, USPS Maintenance Employee;
NURSING SUPERVISOR TED WILLIAMS, USPS Maintenance Employee;
MICHAEL MUSANTRY, USPS Maintenance Employee;
DALE DENTLER, USPS Maintenance Employee;
JOHN WORRELL, alleged Federal Agent,
Domestic Terrorist Leader, Criminal Gang Leader;
ANTHONY WORRELL, Domestic Terrorist;
WILLIAM WORRELL, PA Domestic Terrorist;
CANDICE WORRELL, Domestic Terrorist;
SVEN HAGAVIL, Domestic Terrorist;
JOHN ROBINSON, previous District Attorney Snyder County PA;
STANLEY SAYLOR;
JOHN DOES 1-5, Officials and/or agents of Postal Service and/or other agencies and
all those found to be acting in collusion with them and the parties so named above;
JANE DOES 1-5, Officials and/or agents of the Postal Service and/or other agencies
and all those found to be acting in collusion with them and the parties so named above

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 04-cv-2192
(Honorable John E. Jones, III)

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 14, 2005

Before: SCIRICA, Chief Judge, FISHER and ALDISERT Circuit Judges

(Filed December 22, 2005)

OPINION OF THE COURT

PER CURIAM.

In this employment discrimination action, Appellant, Ronald E. Wilson, appeals

pro se from the District Court's order granting the Appellees' motions to dismiss. For the

reasons that follow, we will affirm.

The parties are familiar with the facts, so we will only briefly revisit them here.

Wilson, a former United States Postal Service employee, filed a compliant with the Equal

Employment Opportunity Commission ("EEOC") alleging discrimination based on age,

disability, religion, and retaliation. The EEOC adopted the findings of an administrative

law judge who had issued a decision in favor of the Postal Service. Wilson received

notice of the EEOC's final decision on June 24, 2004.

2

On October 4, 2004, Wilson filed a <u>pro</u> <u>se</u> complaint, which he later amended,[1] in the United States District Court for the Middle District of Pennsylvania, alleging that the Postal Service, the Postmaster General, and several Postal Service employees violated Title VII of the Civil Rights Act of 1964 ("Title VII"), obstructed the underlying EEOC administrative proceedings, denied his federal constitutional rights, and violated various criminal laws. Wilson also claimed that the former District Attorney of Snyder County, Pennsylvania, brought frivolous criminal charges against him in 1986 and failed to prosecute several individuals who had committed criminal offenses against Wilson. Those individuals, who were also named in the complaint (and who are referred to here and by the District Court as the "non-Federal Defendants"), allegedly "conspired to and did conduct a criminal enterprise in and of harassment and intimidation of witnesses and victims, including but not limited to terrorist activity in and about plaintiff's home and family, . . . terrorizing women and children, and directing and recruiting others to do the same . . . ." Amended Complaint, ¶ 21.

Robinson and the Postal Service defendants filed separate motions to dismiss. The District Court granted those motions, and declined to exercise supplemental jurisdiction

---

[1]The District Court dismissed Wilson's original compliant for failing to meet the pleading requirements of Fed. R. Civ. P. 8, and granted Wilson leave to file an amended complaint.

over the remaining claims brought against the non-Federal Defendants.[2] In particular, the District Court found that Title VII was Wilson's exclusive remedy against the Postal Service defendants, that the Title VII action could proceed against only the Postmaster General as the head of the employing agency, and that Wilson's Title VII action was untimely filed. The District Court further found that former District Attorney Robinson was entitled to prosecutorial immunity and, alternatively, that claims pertaining to Wilson's criminal prosecution were barred by Heck v. Humphrey, 512 U.S. 477 (1994), and were filed beyond the applicable statute of limitations. As to the claims against the non-Federal Defendants, the District Court held that it did not have authority to grant Wilson's request to initiate criminal charges, and declined to exercise supplemental jurisdiction over state law claims with no federal nexus. This appeal followed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting the Appellees' motions to dismiss. See Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). Because we are reviewing the grant of a motion to dismiss, we accept as true all factual allegations in the complaint and view them in the light most favorable to Wilson. See Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183 (3d Cir. 2000). We review the District

_____

[2]The District Court also denied Wilson's motions for default judgment and to strike the defendants' motion to dismiss, which were based on the defendants' alleged failure to file timely responses after service of the amended complaint. Wilson does not challenge this portion of the decision. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (noting that issues not raised on appeal are deemed abandoned and waived).

4

Court's decision to refrain from exercising supplemental jurisdiction over the state law claims for abuse of discretion. Edelstein v. Wilentz, 812 F.2d 128 (3d Cir. 1987). A District Court's dismissal of a complaint pursuant to Rule 8 is likewise reviewed for abuse of discretion. See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).

Wilson alleged employment discrimination by the Postal Service defendants under several theories of liability, including violations of his constitutional rights. Importantly, however, Title VII is the exclusive remedy for claims of discrimination arising out of federal employment. See Brown v. General Services Admin., 425 U.S. 820, 835 (1976). Indeed, Title VII provides federal employees with a remedy that precludes actions for constitutional or other statutory claims. See Owens v. United States, 822 F.2d 408, 410 (3d Cir. 1987). The only proper defendant in a Title VII action is the head of the agency in which the allegedly discriminatory acts occurred. See 42 U.S.C. § 2000e-16(c). Accordingly, the Postal Service and its employees (other than the Postmaster) were properly dismissed from this action.

A Title VII complaint must be filed in the District Court within 90 days of the complainant's receipt of a right-to-sue letter from the EEOC. See 42 U.S.C. 2000e-5(f)(1); Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). Wilson claimed that he received the EEOC decision on June 24, 2004. See Amended Complaint, ¶ 5. Therefore, Wilson had to file his complaint by September 22, 2004. He did not file the complaint, however, until October 4, 2004. Wilson has cited no

5

basis for an equitable tolling of the limitations period. Accordingly, we agree with the District Court that the Title VII claim is time-barred.

Wilson further claimed that former District Attorney Robinson "arrested and prosecuted plaintiff on frivolous charges" and "ignored complaints of criminal activity at plaintiff's home." See Amended Complaint, ¶ 26. These allegations clearly relate to Robinson in his capacity as District Attorney. Prosecutors are absolutely immune from suits for damages brought pursuant to § 1983 for activities which are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 427, 430 (1976); see also Davis v. Grusemeyer, 996 F.2d 617, 628 (3d Cir. 1993). Wilson does not allege that any of the activities undertaken by former District Attorney Robinson were outside the scope of his prosecutorial immunity. Moreover, the claims arising from Wilson's 1986 prosecution are time-barred, see Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993) (stating Pennsylvania's two-year statute of limitations applies to § 1983 actions), and are not cognizable because Wilson's conviction has not been invalidated, see Heck, 512 U.S. at 486-87.

The District Court also dismissed what it deemed to be state law claims brought against the non-Federal Defendants. A District Court has discretion to decline to exercise supplemental jurisdiction over state law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Given that the District Court properly dismissed Wilson's claims under federal law, it plainly acted within its

6

discretion in declining to hear his claims under state law. See Maio v. Aetna, Inc., 221 F.3d 472, 480 n.6 (3d Cir. 2000).

Finally, Wilson suggests that the District Court abused its discretion in dismissing his original complaint for failing to meet the pleading requirements of Rule 8, and in failing to grant him leave to file a second amended complaint. The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each averment be "concise, and direct," Fed. R. Civ. P. 8(e)(1). We agree with the District Court that Wilson's original complaint was "devoid of any facts which could supply [the defendants] with even the barest notice of how they are implicated in this matter." It was also unclear if the claims asserted in the original complaint were related to those brought by Wilson against the Postmaster General in a separate but recently dismissed action. Furthermore, the District Court did not abuse its discretion by failing to grant leave to file a second amended complaint. Wilson never sought such leave from the District Court, and any amendment would have been futile. See Jablonski v. Pan American World Airways, Inc., 863 F.2d 288, 292 (3d Cir. 1988) (explaining that "amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss").

For the foregoing reasons, we will affirm the judgment of the District Court.

7